IN MATTER OF
**BASMAN ABDULAHD**
**ADELANTO ICE PROCESSING CENTER -WEST**
**10250 RANCHO ROAD**
**ADELANTO CA 92301**

**A#212244043**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**BASMAN  ABDULAHAD**
     **PLAINTIFF:**

           **CASE NO: 5:26-cv-00526-MWF-DSR**

   **-V-**

   **ET.al**

**DEPARTMENT OF HOMELAND SECURITY**


       **DEFENDANTS**


## MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

 **FILING ADDRESS**
 **UNITED STATES DISTRICT COURT**
 **CENTRAL DISTRICT OF CALIFORNIA**
 **OFFICE OF THE CLERK**
 **255 EAST TEMPLE STREET ROOM 180**
 **LOS ANGELES CALIFORNIA 90012**

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN MATTER OF | |
| BASMAN ADBULAHAD | |
| PLAINTIFF: | CASE NO:5:26-cv-MWF-DSR |
| -V- | |
| ET.al | |
| DEPARTMENT OF HOMELAND SECURITY | |
| DEFENDANTS | |

## MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

Here came the Petitioner in the above caption case, Acting without Aide of Counsel
and Pursuant to Federal Rules of Civil Procedure, hereby move this Honorable Court to Enter a
ruling of Motion for Emergency Temporary Restraining Order the favor of the Petitioner.

## LEGAL STANDARD 1

The analysis for a temporary restraining order is substantially to that of a preliminary
injunction. Stuhlbarg Inten. Sales, Inc. V. John D. Brush & Co., Inc 240 F. 3d 832, n.7 (9th
Cir.2001 ). A preliminary injunction is ' an extraordinary remedy that may only be awarded upon a
clear showing that the Petitioner is entitles to such relief'' Winter v. Natural Res. Def. Council, Inc. 555
U.S 7, 22 (2008 ) .To obtain a preliminary injuction, {2021 U.S Dist. LEXIS  4} a Petitioner must
establish four elements : (1) a likelihood of success on the merits, (2) that the Petitioner will likely
suffer irreparable harm in the absence of preliminary relief (3) that the balance of equities tips in its
favor, and (4) that the public interest favors an injunction'' Wells Fargo & Co. v. ABD Ins. & Fin.
Servs.. Inc 758 F. 3d 1069, 1071 (9th Cir. 2014 ), as amended ( March. 11, 2014) (citing Winter, 555
U.S 7 20, 129 S. Ct. 365 172 L. Ed 2d 249 (2008). A preliminary injuction may also issues under the
serious question test. Alliance for Wild Rockies v. Cottrell,. 632 F. 3d 1127, 1134 (9th Cir. 2011)
(affirming the continued viability of this doctrine post- Winter)., According to this test., a Petitioner can
obtain a preliminary injunction by demonstrating '' that serious question going to the merits were
raised and the balance of harships tips sharply in the Plaintiff favors.

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014); Pimentel v. Dreyfus, 670 F.3d 1096, 1105-06 (9th Cir. 2012); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). The Ninth Circuit has also concluded that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter. Under that test, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Where a movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not{2020 U.S. Dist. LEXIS 32} 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" Hernandez v. Sessions, 872 F.3d 976, 999 (9th Cir. 2017) (quoting Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009)).

However, likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20-21. **Courts within this circuit may also consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the{2025 U.S. Dist. LEXIS 8} public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. Cal. Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).**

## LEGAL STANDARD

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. NRDC, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). Injunctive relief is "an extraordinary{2018 U.S. Dist. LEXIS 5} remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

Federal Rule of Civil Procedure 65 (b) governs the issuance of a TRO. 'The legal standard for
TRO is substantially identical to the standard for a preliminary injunction. Facebook, Inc v.
BrandTotal Ltd., 499 F. supp. 3D 720, 732 (N.D. Cal. 2020) . To obtain injunction relief, the
moving party must show;(1) a likelihood of success on the merits; (2) a likelihood of
irreparable harm to moving party in the absence of preliminary relief ;(3) that the balance of
equities tips in favor of moving party; and that an injunction is in the public interest. Winter v.
Nat. Res. Def. Council, Inc., 555 U.S 7, 20 (2008). Generally, a TRO is 'an extraordinary
remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such
relief . The moving party has the burden of persuasion. Hill v. McDonogh, 547 U.S 573, 584
(2006). The third and fourth factors, harm to the opposing party and public intrest, merge when
the Governments is the opposing party ' Nken v. Holder, 556 U.S. 418 (2009).

   The Ninth Circuit has articulated an alternative ' sliding scale ' approach pursuant to which
the first and third Winter factors are analyzed on a continuum; under such standard, a weaker
showing on the merits, combined with a stronger demonstration on the balancing test, might
warrant preliminary injunction relief, assuming the second and fourth Winter elements are met .
Alliance for the Wild Rockies v. Cottrel, 632 F 3d. 1127, 1131-1135 (9th Cir. 2011) . Under this
sliding scale ' method the movant need only raise ; serious question going to the merits, but the
balance of the hardship must tip ' sharply in the movant favor .Id at 1131-1132; see also Farris
v . Seabrook, 677 F 3d 858, 864 ( 9th Cir. 2012).

Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that
there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund,
Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing
Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010
amendments (recognizing that "a party who does not have the trial burden of production may rely on a
showing that a party who does have the trial burden cannot produce admissible evidence to carry its
burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery
and upon motion, against a party who fails to make a showing sufficient to establish the existence of an
element essential{2015 U.S. Dist. LEXIS 3} to that party's case, and on which that party will bear the
burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an
essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at
323.
Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing
party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus.
Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). In attempting
to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations
or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits,
and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R.
Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in

## II. Legal Standard

A private party seeking a preliminary injunction must show that: (i) it is likely to succeed on the merits; (ii) it will suffer irreparable harm in the absence of preliminary relief; (iii) the balancing of the equities between the parties that would result from the issuance or denial of the injunction tips in its favor; and (iv) an injunction will be in the public interest. **Winter v. Natural Resources Def. Council**, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Preliminary relief may be warranted where a party: (i) shows a combination of probable success on the merits and the possibility of irreparable harm; or (ii) raises serious {2018 U.S. Dist. LEXIS 7} questions on such matters and shows that the balance of hardships tips in favor of an injunction. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury" absent the issuance of the requested injunctive relief.2Id.

## ANALYSIS
### A. **Plaintiff is likely to Succeed in the Argument that the arrest and detention was record was Unlawful.**

Under the APA,a court shall hold unlawful and set aside agency action this is Unconstitutional an abuse of discretion, or otherwise not in accordance with law .

## STATEMENT OF FACTS
**Petitioner was granted (CAT) in 2017 ans is still active. Petitioner was training U.S Troops in El Paso Texas for 6 months in 2013. Petitioner have done so services while in this country.**

**Petitioner was admitted to the U.S in about September , 2009 as a refugee from the United Nation .**

### STATUTORY VIOLATION

The Due Process Clause of the Fifth Amendment required the Government to provide due process of law before it deprives someone of life liberty or property. Under judicial precedent the Clause promise more than fair process: It also provides heightened protection against government interference with certain fundamental rights and liberty interested. When a fundamental right is at stake, the Government can act only by narrowly tailored means that serve a compelling state interest. Identifying enumerated rights carries a serious risk of judicial overreach, so the US Supreme Court exercise the utmost care whenever it is asked to break new ground in this field. To that end ,Glucksberg's-two-step inquiry disciplines the substantive due process analysis. First, it insists on a careful description of the asserted fundamental liberty. interest. Second, it stress that the Due Process Clause specially protects only those fundamental rights and liberties which are, objectively, deeply rooted in this Nation History and tradition.

## STATUTORY VIOLATION

### Eight Amendment
### FAILURE TO GIVE MEDICAL AIDE
**Petitioner is having serious Blood clad in his legal and was Hospitalized for 5 days
petitioner is still suffering from this sickness to this day in custody due to this unlawful
detention .**

Whenever the government detains or incarcerate someone, it has an affirmative duty to
provide conditions or reasonable health and safety. As the Supreme Court has explained' when
the States takes a person into its custody and holds him there against his will the Constitution
imposes upon it a corresponding duty to assume some responsibility for his safety and general
well-being ' Deshaney v. Winnebago County Dept. of Soc. Ser.. 489 U.S.189,199-
200(1989).As a result, the government must provide those in its custody with food, clothing,
shelter, medical care, and reasonable, safety. Id at 200.

Conditions that pose an unreasonable risk of future harm violate the Eighth Amendment's
prohibition against cruel and unusual punishment, even if that harm has not yet come to pass.
The Eight Amendment requires that inmates be furnished with the basic human need, one of
which is reasonable safety" Helling v. McKinney, 509 U.S. at 33(quoting Deshaney, 489 U.S at
200) Accordingly, [i]t would br odd deny an injunction to inmates who plainly prove an unsafe,
life threatening condition in their prison on the ground that nothing yet had happened to them

Whenever the government detains or incarcerate someone, it has an affirmative duty to provide
conditions or reasonable health and safety. As the Supreme Court has explained' when the
States takes a person into its custody and holds him there against his will the Constitution
imposes upon it a corresponding duty to assume some responsibility for his safety and general
well-being ' Deshaney v. Winnebago County Dept. of Soc. Ser.. 489 U.S.189,199-
200(1989).As a result, the government must provide those in its custody with food, clothing,
shelter, medical care, and reasonable, safety. Id at 200.

Congress has granted the Secretary of State and Consular officers Broad discretion to revoke
non immigrant visas and such a determination can only be challenge in removal proceedings. 8
U.S.C 1201(i). But the State Department's own internal policy directs consular  officers that
under no circumstance should you when the individuals is in the United States . See 9 FAM
403. 11- 3 (B) Since Petitioner was already lawfully admitted to the United States his
admissibility should have no bearing on his continued lawful presence and Defendants have
identified no authority that permits them to detained petitioner without administrative warrant
ICE's own internal policy guidance confirms that the agency action was unlawful and afoul
violates petitioner  protected rights .

## Arbitrary and Capricious for Lack of Explanation

Agency action considered arbitrary and capricious if the agency has relied on factors which
Congress has not intended it to consider, entirely failed to consider an important aspect of the
problem , offered an explanation for its decision that runs counter to the evidence before the
agency or is so implausible that it could not be ascribed to difference in a view or the product
of agency expertise . Motor Vehicle Mfrs. Ass'n of U.S Inc v. State Farm. Mut Auto Ins. Co.,
463 U.S. 29 , 43 (1983). As the Ninth Circuit has explained, the critical factor in Motor Vehicle
was that the agency submitted no reasons at all for its decision McFarland v. Kempthrone.

In this instance , Respondent have failed to meet the general administrative-law requirement
that an agency articulate a satisfactory explanation for its action. ' Hernandez v. Garland 52 F
4th 757, 768 (9th Cir. 2022) (quoting State Farm, 463 U.S at 43). Indeed, Defendant has failed to
suggest any lawful grounds as to why its action here is lawful under the APA. Motor Vehicle,
463 U.S at 50. Respondent 'submission that they ; do not concede that petitioner has
demonstrated a likelihood of success on the mertis on his APA claim ; but cannot defend its
because 'Respondent have not completed [fact finding] efforts in time to respond to petitioner
's motion is inadequate under governing law. Indeed , Respondent failure to provide a single
plausibly lawful explanation for its action ---- an explanation reasonably grounded somewhere
in the statutory  scheme--- is the exact circumstance contemplated by the arbitrary and
capricious standard. Teaches that even when reversing a policy after an election, an agency may
not simply change courses without a reasoned explanation. At this point plaintiff have not
receive not written letter   from agency or nor the Department of Homeland Secretary .

An agency need not consider every conceivable alternative , but when its not writing on a blank
slate' its must consider the impact of its action on vested reliance interest, especially in the
immigration context  where individuals make time-bounded commitment to allow them to
manage and take care of there business .

Accordingly ,Plaintiff is also likely to prevail on the claim that the agencies action is arbitrary
and capricious for failing to articulate a satisfactory explanation for its action including a
rational connection between the facts found and the choice made '. Motor Vehicle 463 U.S at

Further ,Plaintiff describes severe psychological distress . I feel overwhelming guilt , grief …..
anxiety …… great depression and hopelessness. The Ninth Circuits found that emotional
distress, depression and anxiety constitute irreparable harms under certain circumstance. Chalk
v. U.S District. Ct Cent. Dist of California, 850 F 2d 701, 709- 710 ( 9th Cir 1988) . In Chalk,
the plaintiff was a teacher of hearing- impaired children. After he developed  AIDS, the school
broad removed him from the classroom and assigned him to administrative tasks despite his
presentation of evidence that his presence in the classroom posed no danger to the students . Id
at 703. The Ninth Circuits granted a preliminary injunction, finding that plaintiff injury was
emotional  and psychological- and immediate. Such an injury cannot be adequately
compensated for by a monetary award after trial .

While the emotional distress normally suffered upon the loss of a job will not support the issuance of preliminary relief , the emotional and psychological distress triggered by the loss of one position, living circumstance, and future employment and propriety prospect can be both unusual and extreme. Moreover as other courts have commented , the fear of removal is significant and not ill- founded in these cases.

## CLAIM FOR RELIEF

## PETITIONER' DETENTION VIOLATION THE UNITED STATES

## CONSTITUTION

### PRAYER FOR RELIEF

Wherefore: Petitioner prays that this Honorable Court to grant the following relief

1. Declaring that petitioner contained detention is not authorized by **DEFENDANTS** the (and or violates the Fifth Amendments .

2. Enter preliminary and permanent injunctive relief enjoining Respondents from futher unlawful detention of Petitioner .

3. Award Petitioner attorney's fee and cost under the Equal Access to Justice Act ( **'EAJA'**) as amended **5 U.S.C 504 snd 28 U.S.C 2412** on any other basis justified under law :and .

4. Grant any other and further relief that this Court deems just and proper.

5. Continuing to detained petitioner wile there in no significant likelihood of my removal in the reasonable foreseeable future deprive petitioner of my strong interest in liberty '' and therefore violated the fifth Amendment of the United States Constitution U.S v Slarno 481 U.S. 739, 750 (1987) . It further poses actual and substantial hardship and irreparable injuries to petitioner to my family and love ones .

6. Petitioner have no adequate remedy at law other than the instant **Motion for Emergency Temporary Restraining Order.**

**7. Petitioner pray for immediate release from custody .**

## Certificate of Service

Petitioner  certify that on this *02-18-26* the original print and true copy of this forgoing
Motion has been place in an envelope , postage paid and handed to Mail Room Clerk at the
Adelanto ICE Processing Center 10250 Rancho Road . Adelanto CA 92301 for forwarding to

OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
WESTERN DIVISION
255 EAST TEMPLE STREET ROOM 180 (TERRACE LEVEL
LOS ANGELES CA 90012

**Respectfully Submitted**
**By:**
**Basman Abdulahad**
**A# 2122440443**
**Adelanto ICE Processing Center**
**10250 Rancho Road**
**Adelanto C.A 92301**

From BOSMAN ABDULAHA
10250 Rancho Road
Adelanto CA 92301
LV4B-106-01U
A# 212244043

TO United States
District Court
Central District of California
Office of the Clerk
255 East Temple Street
Room 180

los Angeles California
90012

Priority Mail



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

FSC
MIX
FSC® C119918

PAPER
POUCH

PLASTIC
POUCH

**UNITED STATES POSTAL SERVICE®**    **USPS APIs**

usps.com

**P**    US POSTAGE    U.S. POSTAGE PAID
USPS Corp

0 lb 8 oz    Mailed from 92301

### PRIORITY MAIL®

Created 02/19/2026

THE GEO GROUP
ABDULAHAD AB 212244043 4B-106-1U
ADELANTO ICE PROCESSING CENTER 10400 RANCHO RD
ADELANTO CA 92301-2237

RDC 03



CLERK, U.S. DISTRICT COURT



FEB 2 0 2026

US DISTRICT COURT, CENTRAL DISTRICT OF
255 E TEMPLE ST RM 180
LOS ANGELES CA 90012-3332

**USPS TRACKING # USPS Ship**

9205 5902 2008 6407 9783 06

PS00001036014

EP14W October 2023
OD: 12.5 x 9.5

PAPER
POUCH

PLASTIC
POUCH

Recyclable

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT



# UNITED STATES POSTAL SERVICE ®

# PRIORITY®
# MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001036014

EP14W October 2023
OD: 12.5 x 9.5

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For international shipments, the maximum weight is 4 lbs.