UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-00526-MWF (DSR)**                **Date:  March 3, 2026**

Title:  Basman Abdulahad v. Department of Homeland Security

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                    Court Reporter:
Rita Sanchez                                     Not Reported

Attorneys Present for Petitioner:         Attorneys Present for Respondents:
None Present                                     None Present

**Proceedings (In Chambers):**   ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER [7]; APPPOINTMENT OF COUNSEL

Before the Court is Petitioner Basman Abdulahad's Motion for Temporary Restraining Order (the "Motion") filed on February 20, 2026.  (Docket No. 7). Respondents filed an Opposition on February 27, 2026.  (Docket No. 10).

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

Here, even affording Petitioner's pro se filing liberal construction, the Motion does not identify a coherent legal theory establishing a likelihood of success on the merits or set forth facts showing that irreparable harm is likely absent immediate relief. The Motion largely consists of boilerplate legal standards with only a few sentences of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-00526-MWF (DSR)              Date:  March 3, 2026
Title:  Basman Abdulahad v. Department of Homeland Security

case-specific allegations and no developed argument tying those allegations to the relief requested.  Petitioner's papers fall far short of the standard for preliminary relief, which may not issue "unless the movant, *by a clear showing*, carries the burden of persuasion" of a showing of likelihood of success on the merits.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in the original) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948).

Accordingly, the Motion is **DENIED.**  As the parties are aware, this case has been referred to Magistrate Judge Daniel S. Roberts.  (Docket No. 3.)  Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Roberts for decision.

Although Petitioner has not requested the appointment of counsel, the Court, having reviewed the docket in this matter, concludes that appointment of counsel is appropriate and in the interests of justice.  18 U.S.C. § 3006A(a)(2); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  And the office of the Federal Public Defender for the Central District of California ("FPD") has indicated that it will consider accepting appointments to represent pro se petitioners in immigration-related habeas corpus proceedings.

Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner.  The FPD is **ORDERED** to file a response within seven (7) days, indicating whether the FPD will represent Petitioner in this matter.  This obligation shall be satisfied if the FPD files a notice of appearance in this case.  The Clerk of Court is **DIRECTED** to serve a copy of this order on the FPD.

IT IS SO ORDERED.

cc:    Federal Public Defender
       Attention: Jonathan Aminoff, Jonathan_Aminoff@fd.org